**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THREE SQUARE,<br><br>　　　　　Defendant.<br>_____<br><br>THREE SQUARE,<br><br>　　Third-Party Plaintiff,<br><br>　vs.<br><br>ADVANTAGE WORKERS COMPENSATION INSURANCE COMPANY,<br><br>　　　　　Defendant.<br>_____ | Case No.: 2:14-cv-00344-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 42), filed by Third-Party Defendant Advantage Workers Compensation Insurance Company ("Advantage"). Third-Party Plaintiff Three Square ("Three Square") filed a Response, (ECF No. 44), and Advantage filed a Reply, (ECF No. 45). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

**I.	BACKGROUND**

The instant dispute arises from Advantage's alleged refusal to pay benefits on a workers' compensation claim pursuant to an insurance policy held by Three Square. Three Square is a

Nevada non-profit corporation. (Third-Party Compl. ¶ 1, ECF No. 33). Advantage, a Utah corporation, insured Three Square's workers' compensation claims during the relevant time period. (*Id.* ¶ 8).

The Third-Party Complaint alleges that an extern for Three Square, Michael Riga ("Riga"), injured himself on Three Square's property. (*Id.* ¶ 9). Three Square alleges that Advantage "refused to pay the medical bills associated with [Riga's] claim and informally denied [Riga's] claim." (*Id.* ¶ 11). Further, Three Square alleges that Advantage failed to "issue a formal Notice of Workers' Compensation Denial to [Riga]." (*Id.* ¶ 12). As a result, Three Square alleges that it has been required to defend itself against Plaintiff Insurance Company of the State of Pennsylvania, the workers' compensation carrier for Riga's employer. (*Id.* ¶¶ 23–24).

Based on these allegations, Three Square alleges the following causes of action against Advantage: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) breach of fiduciary duty; (4) unjust enrichment; (5) express and/or equitable indemnity; and (6) contribution. (*Id.* ¶¶ 16–54). In the instant Motion, Advantage requests that the Court dismiss Three Square's claims for breach of fiduciary duty and unjust enrichment. (Mot. to Dismiss 2:3, ECF No. 42).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Breach of Fiduciary Duty

Three Square's third cause of action alleges that Advantage "acted in a fiduciary and/or special relationship" with Three Square, and that Advantage's actions "constitute a breach of [that] fiduciary duty." (Third-Party Compl. ¶ 38, ECF No. 33). Nevada recognizes that a "special relationship" exists between an insurer and its insured, and that "an insurer's duty to its policyholder is . . . 'akin' to a fiduciary relationship." *Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 700 (Nev. 1998), *opinion modified on denial of reh'g*, 115 Nev. 38 (1999). Nonetheless, the Nevada Supreme Court in *Powers* declined to "adopt[ ] a new cause of action" for breach of fiduciary duty in the insurance context and instead "merely recogniz[ed] that breach of the fiduciary nature of the insurer-insured relationship is part of the duty of good faith

and fair dealing." *Id.* at 701–02.  Both factually and legally, Three Square's third cause of action is therefore duplicative of its second cause of action and is **DISMISSED** with prejudice.

### B. Unjust Enrichment

Next, Three Square's Third-Party Complaint alleges that Advantage issued an insurance policy to Three Square, the "Agreement," that "was in effect during the time that [Riga] was an extern with [Three Square]." (Third Party Compl. ¶ 8).  In Nevada, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747, 755 (Nev. 1997).  "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* at 756.  Because an express, legal contract—the insurance policy—applies to this case, the Court grants Advantage's Motion to Dismiss Three Square's unjust enrichment claim.  The Court therefore **DISMISSES** Three Square's fourth cause of action with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Advantage's Motion to Dismiss, (ECF No. 42), is **GRANTED**.

**IT IS FURTHER ORDERED** that Three Square's claims for breach of fiduciary duty and unjust enrichment are **DISMISSED with prejudice.**

**DATED** this __18__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge